Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1153 | **DATE** | February 29, 2012 |
| **CASE TITLE** | Robert Hernandez (N-80416) vs. Wexford Medical Services, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized and ordered to make deductions from Plaintiff's trust fund account in accordance with this order. Plaintiff may proceed with his complaint, and the clerk shall issue summonses for service on the Defendants. Plaintiff's motion for a preliminary injunction [#5] is denied. The court grants Plaintiff's motion for counsel [#4], and appoints Keith A. Hebeisen, Clifford Law Offices, P.C., 120 N. LaSalle St., 31st Floor, Chicago, IL 60602, (312) 899-9090, to represent Plaintiff in accordance with counsel's trial bar obligation under N.D. Ill. Local Rule 83.11(g). Within 30 days of the date of this order, counsel should enter an appearance and advise the court whether he intends to proceed with the current complaint or submit an amended complaint and whether settlement is possible.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, Robert Hernandez, an inmate at the Stateville Correctional Center, has brought this *pro se* civil rights action against Wexford Health Services and two doctors at Stateville, Dr. Carter and Dr. Edwards. Plaintiff alleges that he tore his right bicep muscle on August 17, 2011. The following day, Dr. Carter examined Plaintiff's arm and recommended that he receive "urgent treatment" from an orthopedic surgeon. Several months passed without Plaintiff seeing a specialist, however, despite the fact that Plaintiff wrote to Dr. Edwards, the head of Stateville's medical department, requesting to see an orthopedic surgeon, and Plaintiff's sister also contacted Dr. Edwards twice to urge that Plaintiff receive necessary treatment. On October 31, 2011, a doctor at University of Illinois at Chicago Medical Center examined Plaintiff and advised him that his bicep muscle was torn and recommended an MRI. Plaintiff alleges that he still has not had the MRI and has not received adequate medical treatment for his torn muscle. As to Wexford (the company contracted to provide medical services to Illinois inmates), Plaintiff alleges that his requests for medical records, and for treatment have not been answered. Plaintiff seeks to file his complaint *in forma pauperis*, as well as the appointment of counsel, and a preliminary injunction.

Plaintiff's IFP application satisfies the court that he cannot prepay the filing fee in full. His motio is granted, and he is assessed an initial partial filing fee of $19.40. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain obligated for this payment obligation and Stateville authorities shall notify transferee authorities of any remaining balance, in the event Plaintiff is transferred.

| STATEMENT |
|---|

    Preliminary review of the allegations stated above, *see* 28 U.S.C. § 1915A, reveals that Plaintiff may proceed with his claims against the defendants. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Roe v. Eleyea*, 631 F.3d 843, 857–58 (7th Cir. 2011) (setting out the elements of a claim of deliberate indifference to a serious medical need). The clerk shall issue summonses for service of the complaint on the Defendants.

    Given the nature of Plaintiff's claims, the court grants his motion for the appointment of counsel. Keith A. Hebeisen, Clifford Law Offices, P.C., 120 N. LaSalle St., 31st Floor, Chicago, IL 60602, (312) 899-9090, is appointed to represent Plaintiff in accordance with counsel's trial bar obligation under N.D. Ill. Local Rule 83.11(g). Within 30 days of the date of this order, counsel should enter an appearance and advise the court whether he intends to proceed with the current complaint or submit an amended complaint.

    Plaintiff's motion for a preliminary injunction is denied without prejudice. Under the Prisoner Litigation Reform Act, preliminary injunctive relief is appropriate only where the relief sought is "narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Although Plaintiff alleges that he has sustained a serious medical injury that requires treatment, his complaint also shows that he has been seen by doctors both at the prison where he is confined and at an outside medical facility, and it is not clear from the allegations of the complaint alone that a preliminary injunction will be necessary in order for him to receive treatment. *Boucher v. School Board of the School Dist. of Greenfield*, 134 F.3d 821, 823 (7th Cir.1998) ("A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.") Moreover, the court has no access to the medical reports describing the treatment he requires and therefore is unable, on this record, to order relief that t "extend[s] no further than necessary to correct the harm." § 3626(a)(2). Plaintiff's attorney will be free to renew this request ir appropriate.

*[signature]*